UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON TONYADO RAINES,

    Movant,

                Case No. 1:16-cv-498

v.

                HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **O P I N I O N**

This matter comes before the Court on Movant Damon Tonyado Raines's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) The Government has filed a response (ECF No. 9) and Movant has filed a reply (ECF No. 11). For the reasons that follow, Movant's motion will be denied.

**I.**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence

on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

## II.

In 2012, Movant pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (Plea Agreement, *United States v. Raines*, No. 1:12-cr-16 (W.D. Mich.), ECF No. 22.) On October 23, 2012, the Court sentenced him to a term of 180 months in prison followed by 5 years of supervised release. Movant's sentencing range under the Sentencing Guidelines was 168 to 210 months of imprisonment, but Movant's three prior convictions for a violent felony or serious drug offense subjected him to a mandatory minimum sentence of 15 years under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

In his motion, Movant argues that he does not have three prior convictions that would qualify for an enhancement under the ACCA. He acknowledges that he has at least two prior qualifying convictions, a Michigan conviction for assault with intent to do great bodily harm

in 1991, and a federal conviction for distribution of cocaine base in 2002. This Court treated the 2002 judgment of conviction as two separate qualifying convictions, because he was convicted of two different offenses, distribution of cocaine base and collection of credit by extortionate means. Movant argues that it was wrong for the Court to treat the 2002 judgment as two separate convictions for purposes of the ACCA.

When Movant raised the foregoing issue on appeal, the Court of Appeals affirmed the Court's treatment of the 2002 judgment as two separate qualifying convictions:

> Raines contends that he did not meet the criteria for sentencing under the ACCA. . . . Under the ACCA, a defendant convicted of possession of a firearm by a felon who has three previous convictions for a violent felony or a serious drug offense must be sentenced to a minimum of fifteen years of imprisonment. 18 U.S.C. § 924(e). Raines's presentence report set forth the following prior convictions as qualifying convictions under the ACCA: (1) his 1991 Michigan conviction for assault with intent to do great bodily harm less than murder; (2) his 2002 federal conviction for distribution of cocaine base; and (3) his 2002 federal conviction for collection of credit by extortionate means. Raines contends that his 2002 convictions for distribution of cocaine base and collection of credit by extortionate means should not have been counted separately under the ACCA because there was no intervening arrest and he was convicted of both offenses on the same day. The ACCA provides that the three prior convictions must have been "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). "[T]wo offenses are committed on different occasions under the [ACCA] if: (1) it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins; (2) it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense; or (3) the offenses are committed in different residences or business locations." *United States v. Paige*, 634 F.3d 871, 873 (6th Cir.) (internal quotation marks omitted), cert. denied, 132 S. Ct. 206 (2011). According to the presentence report in the prior case, to which Raines did not object, Raines fronted Walter Matthews with several rocks of crack cocaine on July 10, 2001, and after Matthews failed to repay him, Raines shot Matthews in an attempt to collect the debt on July 20, 2001. Raines's convictions satisfy the first two tests in that the distribution offense was

completed and Raines could have ceased his criminal conduct after he delivered the crack cocaine to Matthews. Accordingly, the district court did not err in counting Raines's 2002 convictions as separate qualifying convictions under the ACCA.

*United States v. Raines*, No. 12-2431, slip op. at 4-5 (6th Cir. June 11, 2013).

Movant asserts that the distribution offense and the collection-of-credit offense were not committed on different occasions. He contends that the probation officer mistakenly placed a ten-day gap between the two offenses. His assertion is unsupported. Moreover, even if the two offenses occurred closer in time to one another, they would still qualify as two separate convictions under the ACCA for the reason stated by the Court of Appeals, i.e., "the distribution offense was completed and Raines could have ceased his criminal conduct after he delivered the crack cocaine to Mathews." *Id.*

Movant apparently assumes that one indictment or one judgment cannot result in two separate convictions under the ACCA; however, that is not how the statute has been interpreted. *See United States v. Roach*, 958 F.2d 679, 683 (6th Cir. 1992) ("[T]he language of section 924(e)(1) does not require that a defendant's three criminal predicate offenses be punctuated by intervening convictions."); *United States v. Hayes*, 951 F.2d 707, 709 (6th Cir. 1991) ("The language of the current statute clearly requires the felonies used to enhance a § 922(g)(1) sentence to have been committed on separate occasions. The statute, however, imposes no conditions as to the timing of the convictions."); *accord United States v. Birdsong*, 330 F. App'x 573, 586-87 (6th Cir. 2009) ("[I]t matters not, as defendant erroneously contends, that all six prior convictions were consolidated for sentencing, for so

4

long as the convictions were "based on separate criminal episodes[,]" the enhancement applies."). Thus, as the Court of Appeals has already held, it was not error for this Court to treat the two offenses for which he was convicted in 2002 as two separate qualifying convictions under the ACCA.

Movant also alludes to the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015),which held that the "residual clause"[1] in the ACCA is invalid. *Id.* at 2557. Movant does not indicate how *Johnson* would affect his sentence, however. Indeed, each of his three prior convictions qualify as either a "serious drug offense" or a "violent felony" under the ACCA, without reliance on the residual clause invalidated by *Johnson*.

First, Plaintiff's 1991 conviction for assault with intent to do great bodily harm less than murder in violation of Mich. Comp. Laws § 750.84 qualifies as a violent felony because it "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" 18 U.S.C. § 924(e)(2)(B)(i). "The elements of assault with intent to do great bodily harm less than murder include: (1) an attempt or offer with force or violence, to do corporal hurt to another, (2) coupled with an intent to do great bodily harm less than murder." *People v. Mitchell*, 385 N.W.2d 717, 718 (Mich. Ct. App. 1986); *see Logan v. United States*, No. 1:15-cv-889, 2016 WL 96179, at *4 (W.D. Mich. Jan. 8, 2016)

---

[1]The residual clause defines a "violent felony" as a crime that is punishable by imprisonment for more than a year and that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B)(ii).

(concluding that an offense under Mich. Comp. Laws § 750.84 is a "crime of violence" under the similarly-worded physical-force clause in U.S.S.G. § 4B1.2(a)).

In addition, Movant's 2002 conviction for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) qualifies as a "serious drug offense" because it was "an offense under the Controlled Substances Act . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(i). Movant's conviction carried a maximum penalty of 20 years of imprisonment under 21 U.S.C. § 841(b)(1)(C).

Finally, the 2002 conviction for collection of credit by extortionate means in violation of 18 U.S.C. § 894(a)(1) is a "violent felony" because it is a crime of "extortion" under 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has defined generic extortion as "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003). The "collection of credit" involves obtaining something of value from another. In addition, the use of "extortionate means" in 18 U.S.C. § 894 is defined as "any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person." 18 U.S.C. § 891(7). This definition is equivalent to the wrongful use of force, fear or threats. Thus, the collection of credit by extortionate means is equivalent to generic extortion.

In short, all three of Movant's prior convictions qualify as predicates for the ACCA enhancement, without regard to the residual clause in § 924(e)(2)(B)(ii). Consequently, *Johnson* does not impact Movant's sentence.

### III.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court is meritless and will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted." *Id.* at 467. Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of his claims, a certificate of appealability will be denied. Accordingly,

An order and judgment will enter consistent with this Opinion.


Dated: <u>January 11, 2017</u>                    /s/ Robert Holmes Bell
                                                                  ROBERT HOLMES BELL
                                                                  UNITED STATES DISTRICT JUDGE